## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PIERO A. BUGONI
     **Plaintiff,**

                                **CASE NO.: 8:15-CV-1716-VMC-MAP**

v.

FORMER CHIEF JANE CASTOR et al.

     **Defendants.**

_____/

### DEFENDANTS
### MOTION TO DISMISS AND MEMORANDUM OF LAW

Defendants[1], CITY OF TAMPA, JANE CASTOR, ERIC WARD, and BOB BUCKHORN, by and through the undersigned attorney, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01, hereby file this Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum of Law (**Dkt. 15, 15-1**), and in support thereof would state:

### STANDARD OF REVIEW

Under Federal law, when considering a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. *Hill v. White*, 321 F. 3d 1334, 1335 (11th Cir 2003); *Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1531, 1534 (11th Cir. 1994). A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can

---

[1] When this motion was filed, Defendant officers had not been served with the Summons and Complaint.

prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations which, when taken as true, "state a claim to relief that is plausible on its face". *Ashcroft v Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'shown'- 'that the pleader is entitled to relief." *Id* at 1950.

The Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a Court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment. This is because such documents are capable of accurate and ready determination. Makro Capital of America, Inc. v. UBS AG, 372 F.Supp.2d 623, 627 (S.D.Fla.2005)(citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir.1999)); *Broward Garden Tenants Ass'n. v. E.P.A.*, 157 F.Supp.2d 1329, 1335 n. 8 (S.D.Fla.2001). *Universal Express, Inc. v. SEC, No. 05-13142*, 2006 WL 1004381, 1-2 (11th Cir.2006). Thus, the Court may take judicial notice of documents filed in other judicial proceedings, without converting a motion to dismiss to a motion for summary judgment, for the limited purpose of recognizing the subject matter of the litigation and/or issues decided. *Young v. City of Augusta*,

*Ga.,* 59 F.3d 1160, 1166 n. 11 (11th Cir.1995); In re Delta Resources, Inc., 54 F.3d 722, 725 (11th Cir.1995); *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir.1994). Here, the Court should take judicial notice of Clerk of Court for the Thirteenth Judicial Circuit's progress docket[2] for Case numbers 14-CF-005912.

### Summary of Facts[3]

On April 24, 2014, Tampa police were dispatched to a call regarding an argument at 106 West Osborne Street. The City's police department dispatched **Officer Roni S. Carithers** and **Reserve Officer Neal**. Once on scene, Officer Carithers learned that the argument between Plaintiff and **Donna McCall** was related to a landlord/tenant dispute. Officer Carithers advised the parties that the matter was civil and not criminal. She further advised that the Sheriff's Office would assist Ms. McCall with the eviction process. Thereafter, Officer Carithers was advised by Donna McCall and **Sandra Rose** that prior to the Officer's arrival, Plaintiff had backed out of the driveway and intentionally driven in a manner indicating that he intended to hit Ms. McCall and Ms. Rose and in the process ran over Ms. Rose's foot. At that point, Officer Carithers instituted a criminal investigation of the alleged battery. As a part of the investigation, Officer Carithers interviewed Ms. Rose, Ms. McCall, and a neighbor who allegedly witnessed what occurred. The neighbor corroborated Ms. McCall and Ms. Rose's allegation that Plaintiff had seemingly tried to run them over with his truck as he was backing out of the driveway. Officer Carithers also tried to interview the Plaintiff but he was uncooperative. During the investigation, Plaintiff was handcuffed and detained in the back of Officer Carithers' patrol car. At some point during the investigation, **Sgt. Kenny Norris** and **Officer Orlando Gudes** responded to the scene. The Plaintiff's rental vehicle was removed by a towing company, but

---

[2]   http://www.Hillsclerk.com
[3]   The facts are taken from Exhibit 6 which is Agency Report Number 14-264588, the police report which details the events that led to Plaintiff's arrest.

during the inventory search of the vehicle a joint was found that tested positive for cannabis. Plaintiff was ultimately arrested for Aggravated Battery with a Deadly Weapon, in violation of Florida Statute § 784.045; Driving while license suspended with knowledge, in violation of F.S. § 322.34(2); and possession of cannabis, a violation of F.S. § 893.13(6)(b).  When the Plaintiff was being booked at the Hillsborough County Jail, he alleged that he was sexually assaulted by Officer Carithers and the jail staff reported the allegations.  As a result, **Officer Dusty Rhodes** was dispatched to investigate the allegations.  Officer Rhodes interviewed Plaintiff at the jail and recorded the interview.  Plaintiff alleged that he did not like female police officers and denied that Officer Carithers had touched him in a sexual manner.  Plaintiff essentially alleged that because he was male and Carithers was female that her touching him in any manner constituted sexual assault.  Officer Rhodes interviewed Officer Carithers who advised that she had not touched Plaintiff in a sexual manner and had only touched Plaintiff for the purpose of taking him into custody.  Officer Rhodes concluded that the sexual assault allegations were unfounded and placed the Plaintiff's interview in evidence. Plaintiff was given a bond of $8,250.00 for the charged and the arrest charges were prosecuted by the State Attorney's Office under case number 14-CF-005912.  On June 29, 2014, Plaintiff alleges that he called the police department to report that Donna McCall had trespassed on his property and he spoke to **Officer Gary Fillipone.** Fillipone questioned whether Plaintiff was attempting to establish a defense to his criminal charges or retaliate against McCall.  Ultimately, no criminal charges resulted from Plaintiff's complaint against Donna McCall and he asserts that Fillipone is liable for his failure to act. (FAC ¶ 87)  On August 4, 2015, Plaintiff entered a plea of no contest to possession of cannabis and driving while license suspended.

## Summary of the Complaint

The Complaint is 179 pages long and asserts a total of 37 (thirty-seven) Counts as follows:

| | |
|---|---|
| Count I | Violation of right of Privacy |
| Count II | Conspiracy regarding Count I |
| Count III | Violation of right to Property |
| Count IV | Conspiracy as to Count III |
| Count V | Violation of Right to be free from Unlawful Search |
| Count VI | Conspiracy as to Count V |
| Count  VII | Right to be free from unlawful seizure |
| Count VIII | Conspiracy as to Count VII |
| Count IX | Right to be free from crimes being committed against him |
| Count X | Conspiracy for Count IX |
| Count XI | Equal protection violation |
| Count XII | Conspiracy for Count XI |
| Count XIII | Violation of Due process |
| Count XIV | Conspiracy for Count XIII |
| Count XV | Violation of Right of Free Speech re : Officer Carithers |
| Count XVI | Violation of Right of Free Speech re: Sgt. Norris |
| Count XVII | Excessive Force |
| Count XVIII | Conspiracy for Count XVII |
| Count XIX | Sexual Assault by Officer Carithers |

| | |
|---|---|
| Count XX | Violation of Plaintiff's right to self Defense |
| Count XXI | Conspiracy for Count XX |
| Count XXII | Violation of Plaintiff right to liberty |
| Count XXIII | Conspiracy for Count XXII |
| Count XXIV | Violation of Plaintiff's right to life |
| Count XXV | Violation of Plaintiff's pursuit of happiness |
| Count XXVI | Conspiracy for Count XXV |
| Count XXVII | Violation of Plaintiff's right to be left alone |
| Count XXVIII | Conspiracy for Count XXVII |
| Count XXIX | Right to be free from excessive bond |
| Count XXX | Conspiracy for Count XXIX |
| Count XXXI | Treason |
| Count XXXII | libel, harassment and violation of right of privacy – Google et al |
| Count XXXIII | Malicious Prosecution re Defendant Rios |
| Count XXXIV | Unconstitutionality of Public Records Exemption of Body Cameras |
| Count XXXV | Florida statute 322.34 is Unconstitutional |
| Count XXXVI | Florida Statue 893.13 is Unconstitutional |
| Count XXXVII | Florida Pension statutes Unconstitutional |

Plaintiff brings his claims pursuant to the First, Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the Constitution. The claims are also brought pursuant to 42 U.S.C § 1983, 1985, and 1986 and 18 U.S.C. § 241 and 242.  Finally, Plaintiff seeks a myriad of relief in Section XI of the complaint, pages 167 through 179, which includes compensatory damages, injunctive relief, declaratory relief, and punitive damages.

## I.    Some claims in the Complaint are barred by *Heck v. Humphrey*

The charges for which Plaintiff was arrested were prosecuted in Thirteenth Judicial Circuit Case Number 14-CF-005912.  On August 4, 2015, Plaintiff entered a plea of no contest to driving while license suspended and possession of cannabis. Although, the Court withheld adjudication; Plaintiff has still been convicted such that it precludes his ability to seek civil redress through tort litigation for his arrest.   Pursuant to Florida Statute § 960.291(3), a conviction means a guilty verdict by a judge or jury, or a guilty or nolo contendre plea by a defendant, *regardless of adjudication of guilt*. <u>*Behm vs. Campbell*</u>, 925 So.2d 1070 (Fla. 5th DCA 2006).  Therefore, this claim is precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*,  the Plaintiff is precluded from bringing  a § 1983 claim for an "allegedly unconstitutional conviction or imprisonment, ***or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid***, unless he shows that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254".   In order to determine if a claim is *Heck* barred, the court must assess the factual basis for the claim to determine if the factual basis undermines the validity of the conviction. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Here, Plaintiff claims in Counts 5 and 7 that he was unlawfully searched and seized in violation of his Fourth Amendment rights.  Plaintiff also alleges conspiracy claims in Counts 6 and 8 stemming from Counts 5 and 7.  However, the Plaintiff entered a plea to, and was convicted of, possession of cannabis.  The cannabis charge resulted from a search of the Plaintiff's rental car subsequent to his arrest.  Further, Plaintiff entered a plea to, and was convicted of, driving while license suspended.  An arrest is a singular event, and his conviction establishes the requisite probable

cause. Thus, it is irrelevant that one of the arrest charges was dropped by the State Attorney's Office as long as probable cause existed for some offense. Plaintiff also alleges due process claims in Counts 11, 12, 13, 14, 20, 22, 23, 24, 25, 26, and 27 stemming from his detention and/or arrest. In order to proceed on any claim that challenges his detention, arrest and/or search that would necessarily invalidate the Plaintiff's convictions; Plaintiff's conviction in 14-CF-5912 must be reversed or invalidated to meet *Heck's* procedural bar. Plaintiff's conviction has not been reversed. For the foregoing reasons, the Court should decline to exercise jurisdiction over any count which is premised on the Plaintiff's detention, search, arrest, or prosecution while a valid conviction still exists.

## II.     The Complaint fails to state a cause of action for Municipal Liability

In paragraph 252, Plaintiff alleges that the City is liable per respondeat superior for Counts 1 through 34. The City is not liable for acts of employees under the theory of respondeat superior, and the officers' mere employment by the City is not a basis to impose municipal liability. *Cuesta v. School Board of Miami-Dade County*, 285 F.3d 962 (11th Cir. 2002). Liability may not be imposed upon a municipality under 42 U.S.C. § 1983 for an injury solely based on the *aberrant* conduct of its employee(s), and the mere fact that a Plaintiff suffered a deprivation of federal rights at the hands of a municipal employee does not imply or prove that the municipality is culpable or caused the deprivation. *Bd of County Comm's v. Brown,* 520 U.S. 397 (1997). A municipality such as a city may only be held liable under section 1983 when the city itself deprives an individual of a constitutional right, and thus, for an individual deprived of a constitutional right to have recourse against a municipality under section 1983, he must show that he was harmed by a municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Governmental liability under § 1983 is

limited to governmental wrongs caused by the government's policymaking and the plaintiff must identify a municipal policy or custom, that caused the injury. *Pembaur v. Cincinnati*, 475 US 469, 480-481 (1982). A policy giving rise to liability cannot be established merely by identifying a policymaker's conduct that is properly attributable to the municipality. The Plaintiff must also demonstrate that through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *Monell* Supra at 694. The plaintiff must show that the municipal action was taken with "the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Davis v. Ex rel Doe v. Dekalb county School District*, 233 F. 3d 1367, 1375-76 (11th Cir. 2000). The Eleventh Circuit Court of appeals had held that: "to impose § 1983 liability on a municipality, a plaintiff must show (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F. 2d 1283, 1289 (11th Cir. 2004). It is unclear what City policy or custom Plaintiff is alleging was the moving force behind the alleged constitutional deprivations.

A municipality may be put on notice in two ways – if it is aware of a pattern of **prior** constitutional violations, but nevertheless fails to provide adequate training *or* if the likelihood for constitutional violations is so high the need for training would be obvious. *Gold* at 1350. Plaintiff indicates that the City has been put on notice of constitutional violations 136 times and in paragraphs 171 cites the captions of Federal cases filed between 1987 and 2015. Additionally, the claims for municipal liability are conclusory which are insufficient to make the appropriate showing of liability. *Jackson v. Bellsouth Telecommunications*, 372 F. 3d 1250, 1262-63 (11th Cir. 2004)("conclusory allegations, unwarranted deductions of facts, or legal conclusions

masquerading as facts will not prevent dismissal.")  In sum, the Complaint does not meet the *Iqbal* standards, and the Plaintiff has not sufficiently shown any policy that was the moving force behind any alleged constitutional violations. Moreover, to the extent that the municipal liability claim is based on Plaintiff's detention, search, arrest and/or prosecution then it too would also be barred by the Plaintiff's conviction of charges that stemmed from his arrest.

### III.    Complaint fails to state a claim for Supervisory Liability of Jane Castor

Plaintiff alleges that he is suing Chief Castor in her individual and official capacity.  The official capacity claims are redundant because Plaintiff has already named and served the City of Tampa. The United States Supreme Court has ruled that a suit against a person in their *"official capacity"* is merely an alternative means of pleading against the governmental entity, in the instant case CITY OF TAMPA. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358 at 361, 116 L.Ed.2d 301 at 309 (1991). See also *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)*; Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991) and *Stephens vs. Geoghegan*, 702 So. 2d 517, 527 (Fla. 2d DCA 1997). The question of supervisory liability under § 1983 is only relevant when a constitutional violation has occurred. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Rooney v. Watson*, 101 F. 3d 1378, 1381 (11th Cir. 1996).

In order to prove Supervisory liability under Section 1983, Plaintiff must show (1) the supervisor personally participated in the alleged violation;  (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights; (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it; or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that she then failed to correct. *Brown v. Crawford*, 906 F 2d 667, 671 (11th Cir. 1990); *Barr v. Gee*, 437 Fed. Appx. 865, 875 (11th Cir. 2011) Plaintiff alleges that Castor created

a policy which caused Tampa officers to excuse the behavior of the complainant, in lieu of arresting the person the complainant accuses of criminal conduct. There is no policy that tells Tampa officers which person to believe or which person to arrest in any given scenario, and officers have discretionary authority to make those determinations. Thus, Plaintiff has failed to demonstrate a policy that could be the moving force behind the alleged violations. Also, since Plaintiff is alleging that the arrest was based on Castor's policy; this claim is also precluded by his plea to, and conviction of, charges which stem from the arrest. Plaintiff alleges that Castor is liable under a theory of respondeat superior for her officers' conduct. However, Supervisory liability cannot be imposed for unconstitutional acts of a subordinate on the basis of respondeat superior. *Cottone v. Jenne*, 326 F. 3d 1352, 1360 (11th Cir. 2003); *West v. Tillman*, 496 F. 3d 1321, 1328 (11th Cir. 2007).

**IV.   Complaint fails to state a cause of action against Chief of Police, Eric Ward**

On page 5, Plaintiff alleges that he is suing Chief Ward in his individual and official capacity. Although Eric Ward is listed as a Defendant, he is not actually named in any of the enumerated Counts of the Complaint. As argued in section IV above, the official capacity claim is redundant because the City has been named and served with the Summons and Complaint. The individual capacity claim fails to state a cause of action because Eric Ward did not personally participate in the Plaintiff's arrest on April 24, 2014; he was not the direct supervisor of any of the involved officers; and he did not pre-approve any of the actions taken by the officers on April 24, 2014.[4] As argued above, to the extent the claims against Eric Ward stem from Plaintiff's detention, arrest, search and/or prosecution; they are precluded by his conviction. The Amended Complaint fails to state a cause of action against Eric Ward and claims against Eric Ward in either his official, or individual capacity, should be ***dismissed with prejudice.***

---

[4] It bears noting that Eric Ward did not become Chief of Police of the Tampa Police Department until 5/8/15.

**V.     Complaint fails to state a cause of action against Mayor, Bob Buckhorn**

On page 6, plaintiff alleges that he is suing Bob Buckhorn in his official capacity. As argued in section IV above, the official capacity claim is redundant because the City has been named and served with the Summons and Complaint. Plaintiff alleges that Bob Buckhorn is liable for the alleged constitutional deprivations because he appointed Castor as the Chief of Police. However, the Mayor is not mentioned in the factual allegations or any of the actual Counts of the Complaint. There are no allegations that Bob Buckhorn personally participated in the incident on April 24, 2014 and no allegations which could support a claim of supervisory liability against Mayor Bob Buckhorn. As argued above, to the extent the claims against Bob Buckhorn stem from Plaintiff's detention, arrest, search and/or prosecution; they are precluded by his conviction. Thus, the Mayor, in his individual or official capacity, should be *dismissed from this action with prejudice*.

**VI.    Complaint fails to demonstrate a First Amendment violation**

Plaintiff alleges that Counts 15 (Free Speech violation) and 16 (Free speech violation) demonstrate a violation of his First Amendment rights. In Count 15, plaintiff alleges that he called Officer Carithers a "bitch" and she told him to "shut up". Plaintiff does not allege that he actually did "shut up" but only that the mere fact that she told him to "shut up" is enough to demonstrate a First Amendment violation. In Count 16, Plaintiff alleges that he berated Officer Norris and that Norris threatened to do violence to him. Plaintiff does not allege that the threat caused him to stop speaking, and only alleges that the mere threat is enough to establish a First Amendment violation. Plaintiff does not allege that he was arrested because of his speech; therefore Plaintiff has not demonstrated a First amendment retaliation claim. In order to prove a First Amendment retaliation claim, the Plaintiff must establish that: (1) the speech or act was

constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) a causal connection existed between the retaliatory conduct and the adverse effect on speech. *Bennett v. Hendrix*, 423 F. 3d 1247, 1260 (11th Cir. 2005). The question of what constitutes protected speech under the First Amendment is a question of law. *Connick v. Myers*, 461 U.S. 138, 148 (1980). Even if Plaintiff had alleged that he was arrested in retaliation for his speech toward Officer Carithers and Officer Norris, it would still be subject to dismissal as probable cause for the arrest has been established by his pleas to 2 of the criminal charges for which he was arrested. *Redd v. City of Enterprise*, 140 F. 3d 1378, 1383 (11th Cir. 1998); *Anderson v. City of Naples*, 501 F. Appx. 910, 916 (11th Cir. 2012) Thus, the First Amendment claims are subject to dismissal.

## VII.    Complaint fails to demonstrate a Second Amendment violation

Plaintiff alleges that Counts 20 (right to self-defense), 21 (conspiracy for count 20), 22 (violation of right to liberty) and 23 (conspiracy for Count 22) arise out of the Second Amendment. The Second Amendment guarantees a citizen's rights to "keep and bear arms". Plaintiff does not allege anything that implicates that his right to bear arms was violated. Plaintiff was charged with Aggravated Battery using a Deadly Weapon. However, the police report of the incident, attached as Exhibit 6 to the original Complaint, indicates that the weapon involved was a car and not a firearm. Therefore, the Second Amendment claims must be *dismissed with prejudice*.

## VIII.    Complaint fails to demonstrate a Fifth Amendment violation

Plaintiff alleges that Count 3 (right to property), 13 (due process), 22 (right to liberty), 23 (conspiracy for count 22), and 24 (right to life) show violations of his Fifth Amendment rights. The Fifth Amendment protects a citizen's rights against infringement by the federal government

and since Plaintiff sues municipal entities and municipal employees, the Complaint fails to demonstrate that the Fifth Amendment has been violated. *Buxton v. Plant City*, 871 F. 2d 1037, 1041 (11th Cir. 1989) Therefore, the Fifth Amendment claims must be ***dismissed with prejudice***.

**IX.    Complaint fails to demonstrate an Eighth Amendment violation**

Plaintiff alleges that Counts 9 (right to be free from crime), 10 (conspiracy for count 9), 17 (excessive force), 22 (violation of Plaintiff liberty), 23 (conspiracy for Count 22), 24 (violation of Plaintiff's right to life), 29 (right to be free from excessive bond) and 30 (conspiracy for Count 29) arise under the Eighth Amendment. The Eighth Amendment applies to claims by convicted prisoners not arrestees or pretrial detainees. Plaintiff alleges conduct that occurred at the time of his arrest, so any claims regarding his treatment pursuant to the Eighth Amendment must be dismissed with prejudice. *Bozeman v. Orum*, 4ss F. 3d 1265. 1271 (11th Cir. 2005) In Count 29, Plaintiff alleges that he was given an excessive bond. The court should review the Hillsborough County Sheriff's Office booking record for Plaintiff Booking Number 14017050. The booking record indicates that Plaintiff's bond was set at $7,500 for Aggravated Battery; $250.00 for Driving while license suspended, and $500 for possession of cannabis. Thus, the total bond was $8,250.00. The bond was not excessive and the mere fact that Plaintiff could not pay the bail is insufficient to show that it was excessive.. *White v. Wilson*, 399 F. 2d 596, 598 (9th Cir. 1968). Plaintiff alleges that the arresting officer knew, or should have known, that he would have a bond; however the Complaint does not demonstrate that any Defendant was responsible for setting the bond. Moreover, Plaintiff will never be able to prove that any Defendant in this case is responsible for his bond since the bond standards are set by Court Order and/or the discretion of the Judge presiding over preliminary presentation Court and/or the Judge

who ultimately is assigned the disposition of the criminal charges.   Therefore, the Eighth amendment claims should be *dismissed with prejudice*.

### X.     Complaint fails to demonstrate a Ninth and Tenth Amendment violation

Plaintiff alleges that Counts 1 through 26, 29 and 30 are violation of his Ninth Amendment rights.  The Ninth Amendment indicates that rights, not specifically enumerated in the Constitution are retained by the people. Plaintiff alleges that Counts 1 through 26, 29 and 30 are violations of his Tenth Amendment rights. The Tenth Amendment indicates that power that is not delegated to the Federal government is reserved by the States or the people.   These provisions prevent federal interference in state affairs and are not rights that belong to individuals.  *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 50 (2004). Thus, all claims pursuant to the Ninth and Tenth Amendment must be *dismissed with prejudice*.

### XI.     Complaint fails to demonstrate a Fourteenth Amendment violation

Plaintiff alleges that Counts 1 through 26, 20 and 30 are violations of his Fourteenth Amendment rights.  It bears noting that only Counts 3 (right to property), 11 (equal protection), 13 (due process), 22 (right to liberty), 24 (right to life), 25 (pursuit of happiness) appear to be claims that would arise under the Fourteenth Amendment.   The Fourteenth Amendment guarantees that "[n]o State shall….deprive any person of life liberty, or property, without due process of law."  "The Due Process Clause provides two different kinds of constitutional protections: procedure due process and substantive due process." *Maddox v. Stephens*, 727 F. 3d 1109, 1118 (11th Cir. 2013)  A procedure due process violation requires "(1) a deprivation of constitutionally protect liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Am. Fed'n of Labor & Cong. Of Indus. Orgs. v. City of Miami*, 637 F. 3d 1178, 1186 (11th Cir. 2011).  "[P]rocedural due process violations do not become complete

unless and until the state refuses to provide due process." *Mckinney v. Pate*, 20 F. 3d 1550, 1562 (11th Cir. 1994). To the extent that Plaintiff's equal protection, right to life, liberty and happiness claims stem from his arrest; they are precluded by the existence of probable cause and his conviction of the crimes stemming from his arrest such that they must be ***dismissed with prejudice.***

In Count 7, Plaintiff alleges that he was left in the patrol car for 2 hours and alleges that this was an unreasonable seizure. Claims that arrestees or pretrial detainees have been mistreated arise under the Fourteenth Amendment. *Cottrell v. Caldwell*, 85 F. 3d 1480, 1490 (11th Cir. 1996) A claim challenging the conditions of confinement requires an "extreme condition" that "poses an unreasonable risk of serious damage to his future health or safety". *Chandler v. Crosby*, 379 F. 3d 1278, 1289 (11th Cir. 2004). A plaintiff must show that defendant "acted with a sufficiently culpable state of mind" that amounts to deliberate indifference. *Id.* The allegations in the Complaint fail to demonstrate a Fourteenth Amendment and should be dismissed.

In Counts 1 and 3, Plaintiff alleges that his right to privacy and right to property were violated because officers assisted Donna McCall with trespassing and committed trespass themselves on his property. Additionally, Plaintiff alleges conspiracy claims for these counts in Counts 2 and 4. Plaintiff attached real estate documents as exhibits to the original complaint which purportedly show that he purchased the property at 106 West Osborne Avenue from Donna McCall. However, a search of the official records of the Hillsborough County Clerk of Court records reveals that the documents were not filed and are not official in any way. Moreover, a review of the Hillsborough County Property Appraiser's website reveals that Donna McCall is still listed as the owner of the property at 106 West Osborne Avenue. **[Exhibit A:**

Property Appraiser Info] Therefore, Donna McCall had the right to be present on her own property and she had the right to allow the police to enter the property.  Thus, all of Plaintiff's claims that the police were trespassing fail to demonstrate any cause of action and should be *dismissed with prejudice*.

### XII.   <u>Complaint does not state cause of action for violations of 18 U.S.C. § 241 and 18 U.S.C. § 242</u>

Plaintiff brings Counts 1 through 24, 26, and 28 – 30 pursuant to 18 U.S.C. § 241 and/or § 242.  Section 241 criminalizes conspiring to injure, oppress, threaten or intimidate any person from exercising or enjoying any right that he has under the United States Constitution or Federal Law.  Such conduct is punishable by imprisonment up to ten years.  Section 242 penalizes any person who deprives someone of any right, privilege, or immunity under the United States Constitution or Federal law.  Since these statutes are criminal statutes and do not create civil causes of action, the Complaint does not state a cause of action and claims pursuant to these statutes must be *dismissed with prejudice*.

### XIII.   <u>Complaint fails to state cause of action for violations of the Florida Constitution</u>

Plaintiff alleges that Counts 27 (right to be left alone), 28 (conspiracy for count 27) and 31 (treason) allege violations of Article I, Section 20 (Treason) and 23 (Right to Privacy) of the Florida Constitution.  Plaintiff also seeks monetary damages for said violations.  (First Amended Complaint ¶ 413 (i) – (v).)  Plaintiff cannot maintain an action for monetary damages for violations of Florida's Constitution because Florida has not waived sovereign immunity for state constitutional torts.  *Hill v. Department of Corrections,* 513 so. 2d 129, 133 (Fla. 1987); *Howlett v. Rose*, 496 U.S. 356 (1990); *Doss v. Dept of Corrections*, 889 So. 2d 1012 (Fla. 1st DCA 2004); *Garcia v. Reyes*, 697 So. 2d 549, 551 (Fla. 4th DCA 1997).  The waiver of sovereign immunity

in Florida is only for violations of the Federal constitution or traditional torts. Thus, these claims should be **dismissed with prejudice**.

### XIV. Count 17 (Excessive Force) fails to state a cause of action.

In Count 17, Plaintiff alleges that Officer Carithers used excessive force because his wrists were injured during his detention in the police car while at the scene of arrest which caused him to have issues with his hand for a week after the arrest. Plaintiff alleges that other officers are liable for failing to prevent excessive force from being used. (C 267) and the City and Castor are liable either because the officers acted pursuant to policy and/or because they work for the City. As argued in sections above, supervisory and municipal liability are not demonstrated in the Complaint and § 1983 claims cannot be based on respondeat superior. Further, Plaintiff alleges that no force was required because his arrest lacked probable cause. Thus, Plaintiff's force claims are subsumed in the unlawful seizure claims alleged in Count 7 which are precluded by the probable cause established by his plea to some of the arrest charges. *Jackson v. Sauls*, 206 F. 3d 1156, 1171 (11th Cir. 2000) Further, the Complaint does not state a cause of action for a discrete Fourth Amendment violation based on a claim of excessive force because he only alleges that his handcuffs hurt him which is nothing more than de minimis force. The Eleventh Circuit has consistently held that handcuffing is a *de minimis* use of force which does not implicate the Fourth Amendment and that even painful handcuffing in the course of an arrest, ***without more***, does not amount to excessive force *if* the resulting injuries are minimal. *Nolin v. Isbell*, 207 F. 3d 1253 (11th Cir. 2000); *Gold v. City of Miami*, 121 F. 3d 1442 (11th Cir. 1997; *Jones v. City of Dothan*, 121 F. 3d 1456; and *Stachel v. City of Cape Canaveral*, 51 F. Supp. 2d 1326 (M.D. Fla. 1999); and *Rodriguez v. Farrell*, 280 F. 3d 1341 (11th Cir. 2002). Thus, Count 17 should be dismissed because it does not 'show' a Fourth Amendment violation.

## XV.   Count 29 (Sexual Assault) fails to state a cause of action

In Count 29, Plaintiff alleges that Officer Carithers' mere contact with him constitutes sexual assault. Plaintiff also alleges that the City and Castor are liable for the assault. This count is brought pursuant to § 1983 for alleged violations of the Eighth, Ninth, Tenth, and Fourteenth Amendment. The allegations fails to state a constitutional violation as argued above in Sections X, XI, and XII of this motion and the allegations fail to state a cause of action for § 1983 supervisory or municipal liability. The Court should also note that Florida law does not recognize a crime defined as "sexual assault", however Florida Statute § 794.011(h) defines the term "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any object; however sexual battery does not include an act done for a bona fide medical purpose." Plaintiff's allegations do not meet the definition of sexual battery and even if they did, a claim of battery would arise pursuant to state law and not § 1983. Under Florida law, battery is defined as "the intentional infliction of a harmful or offensive contact upon the person of another." *Gomez v. Lozano*, 839 F. Supp 2d 1309, 1322 (S.D. Fla. 2012) The Complaint only demonstrates that Officer Carithers touched the Plaintiff while taking him into custody and Plaintiff found such touching objectionable. Police have the right to commit battery (touching without consent) while making an arrest. Since Plaintiff's conviction establishes probable cause for his arrest, he does not have a discrete claim of battery arising from touching that was no more than an ordinary incident of his arrest. *Behm v. Campbell*, 925 So. 2d 1070 (5th DCA 2006); *Lester v. City of Tavares*, 603 So.2d 18 (Fla. 5th DCA 1992). Therefore, Plaintiff sexual battery claim should be ***dismissed with prejudice.***

**XVI.** **Count 34 (Unconstitutional public record exemption) does not state a cause of action**

Plaintiff alleges that Florida Law Chapter 2015-41 is Unconstitutional. The law is the new public record exemption for video footage from body cameras worn by Florida law enforcement officers. Body cameras were not used or worn by any Tampa police officer on April 24, 2014 and this statute is not relevant or applicable to anything that led to the Plaintiff's detention, arrest and subsequent prosecution. Thus, Count 34 should be *dismissed with prejudice*.

**XVII.** **Counts 35, 36 and 37 fail to state a cause of action**

Plaintiff alleges the unconstitutionality of Florida's statutes on driving while license suspended, F.S. § 322.34; possession of cannabis, F.S. § 893.13(6)(b), and the pension system, chapter 185. Plaintiff contends that F.S. § 322.34 is facially unconstitutional because it violates a person's fundamental right to travel. (AC 142-143) However, this statute is a prohibition on driving without a valid license and there is no fundamental right to drive. *Lite v. State*, 617 So. 2d 1058, 1060 (Fla. 1993)(holding that the right to drive is not a fundamental right); *Dept of Highway Safety & Motor Vehicles v. Degrossi*, 680 So. 2d 1093, 1094 (Fla. 3rd DCA 1996)(holding that driving is a privilege and not a right); *Borden v. State,* 993 So. 2d 131, 132 (Fla. 4th DCA 2008)(holding driving is a privilege and not a right, which can be taken away or encumbered as a means of meeting a legitimate legislative goal). Moreover, it has been held that the burden of a single mode of transportation — here, driving — does not implicate the right to interstate travel. *Miller v. Reed*, 176 F. 3d 1202, 1205 (9th Cir. 1999) Plaintiff contends that F.S. 893.13(6)(b) is unconstitutional because it is overbroad and vague since marijuana is a wild growing plant and the criminalization of its possession impugns other a citizen's fundamental rights. (AC 172) Plaintiff alleges that FS. §§ 185.01, 185.03, 185.05, and 185.25 are

unconstitutional because the average citizen is not guaranteed a pension in the same manner as police officers and thus existence of pensions for government workers is discriminatory. (AC 118, 120) The Amended Complaint does not demonstrate that there is anything vague, ambiguous or overbroad about these statutes. Moreover, the Plaintiff's claims regarding the pension statutes are frivolous and without merit since the pension statutes are in no way implicated in his detention, arrest, or prosecution for crimes stemming from the 2014 incident with Donna McCall. Therefore, these claims should be *dismissed with prejudice*.

## XVIII. The Amended Complaint fails to state a cause of action for Conspiracy

In Counts 2, 4, 6, 8, 10, 12, 14, 18, 21, 23, 26, 28, and 30, Plaintiff alleges that Defendant Officers are liable for Conspiracy. In Florida, the elements of a civil conspiracy are (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts performed pursuant to the conspiracy. *Walters v. Blankenship*, 931 So. 2s 137, 140 (Fla. 5th DCA 2006) A claim for conspiracy pursuant to § 1983 requires Plaintiff show, that defendants "reached an understanding to violate his rights." *Rowe v. Ft. Lauderdale*, 279 F. 3d 1271, 128 (11th Cir. 2002) A claim of conspiracy requires "that Plaintiff provide more than a label or conclusion" and "Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made." *Oden v. Thomas*, 2013 WL 2202963 (M.D. Ala. 2013)    Other than Plaintiff's use of the word "conspiracy"; there are no ultimate factual allegations which show that an agreement was made to violate his rights. Moreover, Plaintiff's claims of conspiracy are precluded by the fact that he is alleging that officers of the same agency conspired to violate his rights. Plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine. *Detris v. Cole*, 523 Fed. Appx. 612

(11th Cir. 2013)(holding "the intracorporate conspiracy doctrine prohibits a § 1983 claim against law enforcement officers in their individual capacity.) See also *Denney v. City of Albany*, 247 F. 3d 761 (11th Cir. 2000()(which extended the doctrine to public entities and their employees). Therefore, the conspiracy claims are due to be ***dismissed with prejudice.***

WHEREFORE, Defendants request that this Honorable Court grant this motion; dismiss the claims pursuant to 18 U.S.C. § 241 and 242 *with prejudice*; dismiss alleged First Amendment violations *with prejudice*; dismiss alleged Second Amendment violations *with prejudice*; dismiss alleged Fifth Amendment violations *with prejudice*; dismiss alleged Eighth Amendment violations *with prejudice*; dismiss alleged Ninth Amendment violations *with prejudice*; dismiss alleged Tenth Amendment violations *with prejudice*; dismiss the Conspiracy claims *with prejudice*; dismiss violations of the Florida Constitution *with prejudice*; dismiss Eric Ward from the suit *with prejudice*; dismiss Mayor Bob Buckhorn *with prejudice*; dismiss all Counts that are barred by *Heck v. Humphrey* and/or the Plaintiff's conviction; dismiss Counts 33, 35, 36, and 37 *with prejudice*; and order such other relief as the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing has been e-filed with the Clerk of District Court using CM/ECF and provided via U.S. Mail to: Piero A. Bugoni, c/o American Justice Corporation, 1875 I Street N.W., 5th Floor, Washington, D.C 20006 (prose Plaintiff), on this 5th day of October, 2015.

**JULIA C. MANDELL. CITY ATTORNEY**
**CITY OF TAMPA**

By: _____
Ursula D. Richardson
Assistant City Attorney
FBN: 0064467
315 E. Kennedy Boulevard, 5th Floor
Tampa, FL 33602
(813) 274-7205 Telephone
(813) 274-8894 Facsimile
Counsel for Defendants
Email: Ursula.Richardson@tampagov.net
Secondary: Imelda.Higgins@tampagov.net